IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROCKEFELLER F. COOPER, II, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:16-CV-01177-TWT-JFK |
| BOARD OF REGENTS OF THE UNIVERSITY OF GEORGIA, | |
| Defendant. | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Rockefeller F. Cooper, II, filed the above-styled employment discrimination action against Defendant Board of Regents of the University of System of Georgia ("BOR") on October 25, 2016.[1] [Doc. 25 ("Amended Complt")]. In his

---

[1] Plaintiff initially filed a complaint against Georgia Gwinnett College ("GGC") asserting discriminatory termination based on his gender, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and Title IX, 20 U.S.C. § 1681 ("Title IX") [Doc. 3], and subsequently contending that he was also asserting procedural due process claims pursuant to the Fifth and Fourteenth Amendments to the United States Constitution based on the handling of his employment termination [Docs. 5 and 10]. The court issued a report and recommendation on September 16, 2016, finding that GGC was not an entity subject to suit, recommending that any Title IX and procedural due process claims be dismissed with prejudice and that the Title VII claim be dismissed but that Plaintiff be allowed to file an amended complaint naming BOR as Defendant and asserting only a Title VII gender discrimination claim based on his termination. [Doc. 18]. The District Court adopted the report and recommendation on October 25, 2016, [Doc. 22], and Plaintiff filed the amended complaint on that date [Doc. 25].

amended complaint, Plaintiff asserts a federal claim of gender discrimination based on Title VII. [Id.]. Plaintiff also appears to again assert a procedural due process claim; however, that claim has been dismissed with prejudice and, accordingly, will not be addressed further. And Plaintiff references in the amended complaint that the action is also brought pursuant to 42 U.S.C. § 1981a. [Id., Introduction and Jurisdiction]. Plaintiff cannot assert a claim of gender discrimination pursuant to § 1981. See Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1305-06 n.16 (N.D. Ga. 2009) ("Section 1981 was enacted to prevent discrimination based on race, not discrimination based on sex."). Accordingly, if Plaintiff intended to invoke § 1981 as a source for relief in his amended complaint, such a claim would be subject to dismissal with prejudice. Defendant has moved to dismiss Plaintiff's amended Title VII gender discrimination claim pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 27]. Plaintiff responded opposing the motion to dismiss [Doc. 28], and Defendant filed a reply in support of the motion [Doc. 29].

**I.     Facts**

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County

Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Additionally, legal arguments and contentions are not properly part of a complaint and will not be included in the statement of facts. See Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) ("The complaint contains whole paragraphs of legal argument, quotations, and citations which have no place in a complaint.") (citing Chevy Chase Bank, F.S.B. v. Carrington, 2010 WL 745771, at *4 (M.D. Fla. March 1, 2010) ("Huge swaths of the Amended Third Party Complaint are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises–material proper in legal memoranda, but almost never proper in a complaint.")). Accordingly, the following factual allegations are drawn from the Amended Complaint.

Plaintiff, a former instructor at GGC, asserts that on October 7, 2015, he was advised that he was being suspended pending an investigation of alleged Title IX violations based on complaints of sexual harassment by female students. On October 13, 2015, instead of meeting with an investigative panel as the paperwork he had received indicated, Plaintiff met with a female investigator, Ms. Jana Anandarangam,

regarding the complaints. [Amended Complt ¶¶ 1, 3 and at 6].[2] Plaintiff was advised that two identified female students had accused him of inappropriate behavior, including touching, in the classroom. [Id. at 6-7]. Plaintiff was also advised that he was accused, by multiple unnamed females, of "(1) [i]nappropriately touching several female students without consent for class demonstrations in a manner that made them uncomfortable; [(2) e]xcessively using sexual innuendos and sexual references in the classroom; [(3) p]ursuing a non-professional relationship with several students, including [the two identified female students], whom [he] had an evaluative power over as their professor; [(4) g]iving preferential treatment to female students that [he had] expressed are attractive; [(5) c]reating an uncomfortable learning environment for female students[; and (6) i]ntimidating students into not reporting [his] behavior to GGC administrators." [Id. at 7-8]. Plaintiff denied the allegations and, when asked, explained that several students - including those filing the complaints - "were displeased with [his] decision not to round-off their mid-term grades and this could have led to a form of retaliation." [Id. at 7]. Plaintiff alleges that one of the identified

---

[2]Plaintiff's amended complaint contains a section labeled, "Statement of Fact," which sets forth allegations in numbered paragraphs, and a section labeled, "Brief," which, for the most part, is not separated into numbered paragraphs. Citations to the Statement of Facts will be by reference to the paragraph, and citations to the Brief - to the extent containing allegations of fact - will be by reference to the page.

female students denied, when asked by him, that she had made any complaint against him,[3] and he contends that, without citing any other facts in support, "no evidence was presented to substantiate any of the allegations made."[4]  [Id. ¶¶ 4-5].  He also alleges that Ms. Anandarangam "did not interview every student in the class to get a non-biased view as to what may have transpired during class times."  [Id. ¶ 6].

Plaintiff set forth why he thought he was discriminated against based on his sex, male.  Plaintiff alleged that he was teaching an Anatomy and Physiology course which involved complex issues and that he used techniques to help simplify complex concepts involved, including "the usage of STANDARDIZED mnemonics that are widely used by medical students, some of which included 'Some Lovers Try Positions That They Can't Handle' for understanding the carpel bones in the wrist of the hand and 'Californians Like Girls In String Bikinis' to help understand the five layers of the skin.  These were considered to be only sexual related and not a learning tool."  [Id. at

---

[3] Although not entirely clear, Plaintiff also alleges that the student informed him that she was summoned to report to campus to verify the allegations against Plaintiff "all of which she denied[;]" however, Plaintiff also alleged that the student implied "that 'she was in the midst of other classmates and was intimidated for answering other questions truthfully."  [Id. ¶ 5].

[4] Plaintiff did set forth the explanations that he allegedly provided to the Title IX investigator in response to the six allegations of misconduct.  [Id. at 8-11].

5

7]. Plaintiff asserts that he was discriminated against because a single female investigated allegations of sexual harassment against a male instructor made by students who were all females. [Id. at 7 and 12].

At the conclusion of the investigation, Plaintiff was notified of his termination on October 23, 2015. [Id. at 8 and Exh. 2.G. ("October 23, 2015, Separation Notice")].[5] Plaintiff then appealed the termination to the President of GGC. [Id. ¶ 8 and at 8-11]. Plaintiff alleges that in a letter dated November 18, 2015,[6] the President remanded the matter back to the Title IX investigator for reexamination and further review. [Id. ¶ 8 and at 13]. Plaintiff alleges receiving a December 15, 2015, letter from the Title IX investigator requesting that any additional information be provided and that he complied with the request. [Id. ¶ 9 and at 13 and Exh. 2.J. ("December 15, 2015, Letter")]. Also, on December 18, 2015, the President sent Plaintiff a letter

---

[5]Plaintiff attaches a number of exhibits to his complaint which are not identified on the actual exhibits with an exhibit number. However, within the body of the amended complaint, Plaintiff identifies each exhibit by the number associated with it. [Amended Complt at 14-16]. The court will identify the exhibits initially by this designation.

[6]Plaintiff attaches copies of two letters from the President. [Amended Complt, Exh. 2.H. ("November 18, 2015, Letter") and Exh. 2.I. ("November 23, 2015, Letter")]. The letter dated November 23, 2015, actually references referring the matter for further examination. [November 23, 2015, Letter].

6

advising that he would be paid "the amount due under [his] contract through its end date of December 15, 2015." [Amended Complt, Exh. 2.K. ("December 18, 2015, Letter")]. Plaintiff alleges that he then received two final letters from the President's office. The first, dated January 14, 2016, advised him that, because his contract with GGC had expired on December 15, 2015, the Title IX investigation was closed, and a second letter, dated February 11, 2016, in response to a letter received from Plaintiff, advised that there has been no final determination on the sexual harassment complaint because Plaintiff's contract expired. [Id. ¶ 10 and at 13 and Exh. 2.L. ("January 14, 2016, Letter") and Exh. 2.M. ("February 11, 2016, Letter")].

Plaintiff seeks compensatory, punitive and exemplary damages in unspecified amounts and unspecified equitable relief. [Amended Complaint, Prayer for Relief].

On February 24, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that he was terminated on October 23, 2015, based on his sex in violation of Title VII. [Doc. 3 ("Complt"), Attachment]. After the Dismissal and Notice of Rights was issued on March 8, 2016 [Id.], Plaintiff filed the original complaint against GGC on April 13, 2016 [Complt]. After that complaint was dismissed, as noted, Plaintiff filed the amended complaint against Defendant BOR on October 25, 2016. [Amended Complt].

7

Additional facts will be set forth as necessary during discussion of the motion to dismiss.

## II. Motion to Dismiss Standard

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); <u>accord</u> <u>Financial Sec. Assurance, Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted). "Factual allegations must be enough

8

to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67). A plaintiff's complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356,

1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The court will apply these standards in ruling on the motion to dismiss.

### III. Discussion

Plaintiff Cooper alleges that Defendant violated Title VII by subjecting him to discrimination on the basis of his gender when it terminated his employment in October 2015.[7] [Amended Complt]. Title VII makes it unlawful for an employer "to

---

[7]The allegations in the amended complaint and the December 18, 2015, letter attached to the amended complaint establish that Plaintiff was paid through December 15, 2015, the end of his employment contract with GGC. [Amended Complt at 16 and December 18, 2015, Letter]. Arguably, Defendant was not terminated from his employment but was paid through the end date of his employment contract. He does not allege seeking an extension of his contract and being denied further employment or ever seeking re-employment with GGC. [Amended Complt].

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff may assert a case of gender discrimination by alleging facts showing that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside his protected class more favorably; and (4) he was qualified to do the job. See Burke-Fowler v. Orange County, Florida, 447 F.3d 1319, 1323 (11th Cir. 2006).[8]

For the purposes of deciding the pending motion to dismiss, the court finds that Plaintiff has alleged facts to establish three of the four elements of a *prima facie* case, that is, he is a male, he was terminated and he was qualified for his job. As Defendant points out, to establish the final *prima facie* element, Plaintiff must sufficiently allege that Defendant treated similarly situated female employees more favorably. In Jones

---

[8] However, courts should not apply the elements of a *prima facie* case in a rigid or mechanical way. See United States Postal Serv. Bd. of Gov. v. Aikens, 103 S. Ct. 1478, 1482 (1983) ("The *prima facie* case method established in McDonnell Douglas was never intended to be rigid, mechanized, or ritualistic.") (quoting Furnco Construction Corp. v. Waters, 98 S. Ct. 2943, 2949 (1978) (internal quotation marks omitted)); Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) ("If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present.") (italics omitted).

AO 72A
(Rev.8/82)

v. Bessemer Carraway Med. Ctr., 137 F.3d 1306 (11th Cir.), <u>partial superseding opinion on denial of rehearing</u>, 151 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit Court of Appeals emphasized that the proper comparison is to employees that are "'similarly situated in all relevant respects.'" <u>Id.</u> at 1311 (quoting <u>Holifield</u>, 115 F.3d at 1562). Specifically, the court wrote, "'[i]n determining whether employees are similarly situated for purposes of establishing a *prima facie* case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.'" <u>Id.</u> (quoting <u>Holifield</u>, 115 F.3d at 1562). In the prior report and recommendation, the court specifically pointed out that Plaintiff had failed to allege a female comparator as necessary to establish a *prima facie* case of gender discrimination. [Doc. 18 at 20-21]. And the recommendation, adopted by the District Court, was intended to allow Plaintiff to file an amended complaint asserting a Title VII claim of gender discrimination to correct this pleading deficiency. [<u>Id.</u>].

In the amended complaint, Plaintiff makes no reference to the treatment of any female instructors much less identify a female instructor who, being accused of sexual harassment, received more favorable treatment. [Amended Complt]. And Plaintiff has otherwise failed to sufficiently plead other evidence of intentional discrimination based on his gender. His assertion that he felt his treatment had to do with his sex because

12

the investigation was handled by a female investigator addressing complaints of sexual harassment made by female students is insufficient to state a claim. [Amended Complt ¶ 3 and at 6-7]. Plaintiff does assert that one of the female students who lodged a complaint against him claimed that she did not do so and that, when summoned to the campus to verify her complaint, she denied the complaints against Plaintiff. [Id. ¶ 5]. While this might undermine the legitimacy of that allegation of wrongdoing by Plaintiff, the investigation of sexual harassment was based on complaints lodged by additional identified and unidentified female students. Plaintiff's allegations do not call into question the handling of the Title IX investigation sufficiently to raise an inference of intentional gender discrimination.

Besides providing his explanation for the allegations of misconduct brought by the second identified female student and the "multiple unnamed females[,]" Plaintiff's allegations merely present his disagreement with how the investigation was conducted, such as, the investigator did not question all of the students in his classes, and with the outcome of the investigation.[9] [Id. ¶¶ 6 and 9 and at 6-11]. "Federal courts 'do not sit as a super-personnel department that reexamines an entity's business decisions. No

---

[9]The court further notes that in his response to the motion to dismiss, Plaintiff makes no offer or argument that he could cure these pleading deficiencies. [Doc. 28].

13

matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the [law] does not interfere.'" Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991) (quoting Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1365 (7th Cir. 1988)); and see Pennington v. City of Huntsville, 261 F.3d 1262, 1267 (11th Cir. 2001) (citation omitted) ("'[A] plaintiff employee may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason' as long as 'the reason is one that might motivate a reasonable employer.'"). "A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." Springer v. Convergys Customer Mgmt. Group Inc., 509 F.3d 1344, 1349 (11th Cir. 2007) (citations and internal quotation marks omitted). And as the Supreme Court has held, a reason is not pretext for discrimination "unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 113 S. Ct. 2742, 2752 (1993) (emphasis in original).

At the heart of Plaintiff's claim for gender discrimination is the allegation that he was discriminated against because a female investigator conducted the review of the sexual harassment allegations brought by female students and his speculation as to why

14

that female investigator simply did not understand the falsity of the complaints. [Amended Complt at 12]. Plaintiff's factual allegations do not "'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67); and see Iqbal, 129 S. Ct. at 1949 (a complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The court therefore recommends that Plaintiff's Title VII claim for discriminatory termination be dismissed with prejudice.

## IV. Conclusion

Based on the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motion [Doc. 27] to dismiss be **GRANTED** and that the Title VII claim of gender discrimination be **DISMISSED WITH PREJUDICE**.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

AO 72A
(Rev.8/82)

**SO RECOMMENDED** 22nd this day of February, 2017.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE